ROSER LEONARD, a minor, by her father and next friend, ROSCOE LEONARD

*vs.*

BEATRICE CARMICHAEL.

ROSCOE LEONARD *vs.* BEATRICE CARMICHAEL.

Penobscot.    Opinion, July 24, 1941.

*Negligence.    Measure of Damages.*

*Michael Pilot,* for plaintiffs.

*Berman & Berman,* of Lewiston, by Benjamin L. Berman, for defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

PER CURIAM.

On defendant's exceptions to acceptance of reports of referees in two negligence cases, one brought to recover damages for personal injuries to an infant and the other for the father's disbursements and expenses on account of the same. The referees awarded $7,500 to the child and $2,228 to the father.

At the time of the accident, June 21, 1939, the defendant was driving her car southerly on a highway in the Town of Hampden. She approached a rise in the road which for some distance obscured her vision ahead. A short distance farther on, the father was making a turn out of a driveway on her left to go down the road, his horse hitched to a jigger. On the opposite side of this road his eleven-year-old son was hauling his little sister, then twenty-one months old, in a small cart. The father, hearing but not seeing the automobile, "screamed" to the boy to get off the road, and he did, pushing the cart with the child in it down an embankment into the ditch. The defendant applied

her brakes, claimed to skid by reason of loose gravel in the road, bore to the right, then to the left, and again to the right, hit the cart, and then plunged into some alder bushes, having proceeded approximately three hundred feet from the top of the rise. The child, rendered unconscious, was taken to a hospital for first aid treatment. Later, she was operated on in a hospital in Boston.

These were the factual cases involving only familiar principles of the law of negligence. A study of the record reveals sufficient evidence to justify the reports of the referees as to liability.

As to damages, the plaintiffs claimed that the brain tissues on the left side of the child's head were injured, resulting in irregular convulsions, palsy, and hemiparesis, with "a distinct handicap of activity confined to the right side of the body, involving the arm and leg." Definite assurance of permanency of these conditions, or that the child's intellectual ability would be decreased in the future does not appear in the plaintiff's expert's testimony. The future was thought to be problematical.

The defendant denied such seriousness of result both present and prospective.

These also were factual matters for the referees. They saw the child, observed her condition, heard the testimony of witnesses who saw her in convulsions and at other times, and had the benefit of the expert medical testimony. No doubt the awards represented to them fair and reasonable compensation for the child's personal injuries. It does not appear that the award for disbursements and expenses was excessive. Even though we might not have awarded as much for the personal injuries as did these referees, yet we cannot say that the amounts awarded were so clearly the result of bias, prejudice, or sympathy as to require sustainment of the exceptions.

*Exceptions overruled in both cases.*